IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, )<br> )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>All Employees/ Roy E. Cox, III; )<br>South Carolina Department of )<br>Corrections, Division of Police )<br>Services; and McCormick, )<br> )<br>　　　　　Defendants. )<br>_____ ) | Civil Action No. 2:24-cv-975-BHH<br><br>**<u>ORDER</u>** |

　　　　This matter is before the Court upon Plaintiff Michael Anthony Breyan's pro se ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983, challenging a series of criminal charges filed against him in January of 2021. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

　　　　On May 20, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend, finding that most Defendants are not amenable to suit under § 1983; that Plaintiff fails to allege an actionable constitutional violation under § 1983; and that the Court lacks jurisdiction over Plaintiff's remaining state law claim. (ECF No. 7 at 5-13.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections to the Report have been filed.[1]

---

[1] Plaintiff filed a letter on May 28, but the letter is not responsive to the Magistrate Judge's Report and does not otherwise alter the Court's analysis. (ECF No. 10.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis that Plaintiff cannot cure the deficiencies in his complaint. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 7), and the Court summarily dismisses this action without further leave to amend, for the reasons set forth in the Report.** *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 7, 2024
Charleston, South Carolina